## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

JAVANA MOSLEY-DAWSON,
        Appellant,

      v.

DEPARTMENT OF THE ARMY,
        Agency.

DOCKET NUMBER
DC-1221-21-0339-W-1

DATE: February 8, 2023

# THIS ORDER IS NONPRECEDENTIAL[1]

James Barrett Kelly, Washington, D.C., for the appellant.

Everett F. Yates, Esquire, Fort Sam Houston, Texas, for the agency.

Jennifer Giambastiani, Falls Church, Virginia, for the agency.

Sheri S. Shilling, Esquire, and Dalton MacDonald, Esquire, Washington, D.C., for amicus curiae, Office of Special Counsel.

### BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

## REMAND ORDER

The appellant has filed a petition for review of the initial decision, which dismissed her individual right of action (IRA) appeal for lack of jurisdiction.[2] For the reasons discussed below, we GRANT the appellant's petition for review, REVERSE the initial decision, and REMAND the case to the regional office for further adjudication in accordance with this Remand Order.

## DISCUSSION OF ARGUMENTS ON REVIEW

### The administrative judge erred in applying collateral estoppel.

The appellant argues on review that the administrative judge erred in applying the doctrine of collateral estoppel to dispose of disclosure (2). We agree. Collateral estoppel, or issue preclusion, is appropriate when: (1) the issue is identical to that involved in the prior action; (2) the issue was actually litigated in the prior action; (3) the determination of the issue in the prior action was necessary to the resulting judgment; and (4) the party against whom issue preclusion is sought had a full and fair opportunity to litigate the issue in the prior action, either as a party to the earlier action or as one whose interests were otherwise fully represented in that action. *Hau v. Department of Homeland Security*, 123 M.S.P.R. 620, ¶ 13 (2016), *aff'd sub nom. Bryant v. Department of Homeland Security*, 878 F.3d 1320 (Fed. Cir. 2017). Here, none of these criteria is satisfied, as the matter was never adjudicated and there was no prior action, such as an IRA appeal, to which the doctrine of collateral estoppel might apply. Whether the appellant raised disclosure (2) in her January 2017 OSC complaint is of no consequence. Thus, we agree that the administrative judge erred in applying the doctrine of collateral estoppel to dispose of disclosure (2).

---

[2] The Office of Special Counsel (OSC) filed an unsolicited amicus brief pursuant to 5 C.F.R. § 1201.34(e). We grant OSC's request to file the brief. *See* 5 C.F.R. § 1201.34(e)(3).

The appellant exhausted her remedies with OSC regarding her claim of retaliation for disclosure (2), and she nonfrivolously alleged that disclosure (2) was protected under 5 U.S.C. § 2302(b)(8) and was a contributing factor in the personnel actions at issue.

¶3      Having found that the administrative judge erred in disposing of disclosure (2) on collateral estoppel grounds, we now consider whether the appellant established IRA jurisdiction with regard to that disclosure.  To establish jurisdiction over an IRA appeal, an appellant must show by preponderant evidence that she exhausted her administrative remedies before OSC and make nonfrivolous allegations that:  (1) she made a protected disclosure described under 5 U.S.C. § 2302(b)(8) or engaged in protected activity described under 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D); and (2) the disclosure or protected activity was a contributing factor in the agency's decision to take or fail to take, or threaten to take or fail to take, a personnel action as defined under 5 U.S.C. § 2302(a).  *Salerno v. Department of the Interior*, 123 M.S.P.R. 230, ¶ 5 (2016); *see* 5 U.S.C. §§ 1214(a)(3), 1221(e)(1).  The Board's regulations define a nonfrivolous allegation as an assertion that, if proven, could establish the matter at issue.  5 C.F.R. § 1201.4(s).[3]  As the U.S. Court of Appeals for the Federal Circuit recently put it:  "[T]he question of whether the appellant has non-frivolously alleged protected disclosures [or activities] that contributed to a personnel action must be determined based on whether the employee alleged sufficient factual matter, accepted as true, to state a claim that is plausible on its face."  *Hessami v. Merit Systems Protection Board*, 979 F.3d 1362, 1369 (Fed.

---

[3] The regulation further provides that an allegation generally will be considered nonfrivolous when, under oath or penalty of perjury, an individual makes an allegation that:  (1) is more than conclusory; (2) is plausible on its face; and (3) is material to the legal issues in the appeal.  5 C.F.R. § 1201.4(s).  Pro forma allegations are insufficient to meet the nonfrivolous standard.  *Clark v. U.S. Postal Service*, 123 M.S.P.R. 466, ¶ 6 (2016), *aff'd per curiam*, 679 F. App'x 1006 (Fed. Cir. 2017), *and overruled on other grounds by Cronin v. U.S. Postal Service*, 2022 MSPB 13, ¶ 20 n.11.

Cir. 2020).[4]   Any doubt or ambiguity as to whether the appellant made nonfrivolous jurisdictional allegations should be resolved in favor of finding jurisdiction.  *Cassidy v. Department of Justice*, [118 M.S.P.R. 74](#), ¶ 4 (2012).

¶4         Contrary to the agency's assertions on review, we agree with the appellant that she exhausted her remedies with OSC regarding her claim of retaliation for disclosure (2).   The substantive requirements of exhaustion are met when an appellant has provided OSC with sufficient basis to pursue an investigation. *Chambers v. Department of Homeland Security*, [2022 MSPB 8](#), ¶ 10 (2022) (citing numerous cases).   An appellant may demonstrate exhaustion through her initial OSC complaint or correspondence with OSC.   *Id*.   In the alternative, exhaustion may be proved through other sufficiently reliable evidence, such as an affidavit or declaration attesting that the appellant raised with OSC the substance of the facts in the Board appeal.   *Id*. (citing *Delgado v. Merit Systems Protection Board*, [880 F.3d 913](#), 916 (7th Cir. 2018)).   Here, OSC's closure letter in the second complaint refers to the appellant's allegation that, in February 2017, Dr. Martin refused her request to meet and discuss her performance standards. Initial Appeal File (IAF), Tab 6 at 48.   In addition, the declaration the appellant submitted to OSC in support of her complaint identifies disclosure (2) as one of her alleged protected disclosures, specifically, a disclosure of what she reasonably believed to be a violation of law, rule, or regulation.   *Id*. at 18. Accordingly, we conclude that the exhaustion requirement is satisfied with regard to disclosure (2).

---

[4] As a result of changes initiated by the Whistleblower Protection Enhancement Act of 2012 (Pub. L. No. 112-199), extended for three years (Pub. L. No. 113-70), and eventually made permanent (Pub. L. No. 115-195), appellants may file petitions for judicial review of Board decisions in whistleblower reprisal cases with any circuit court of appeals of competent jurisdiction.  *See* [5 U.S.C. § 7703](#)(b)(1)(B).   Thus, we must consider all issues in such cases with the view that the appellant ultimately may seek review of this decision before any circuit court of appeals of competent jurisdiction.

¶5      We further find the appellant has made a nonfrivolous allegation that disclosure (2) was a protected disclosure of a violation of law, rule, or regulation. The appellant explains that when she informed Dr. Martin that she had not been issued her performance standards, she disclosed what she believed to be a violation of certain provisions of Department of Defense Instruction 1400.25, Volume 431.    *See* IAF, Tab 6 at 11.  The specific provisions identified by the appellant provide, in relevant part, that written performance plans (including performance standards) for each employee must be developed and approved by supervisors, normally within 30 calendar days of the beginning of the performance cycle, and communicated to the employee.  *Id*. at 11, 30-32.  We conclude that the appellant's allegations, taken as true, could support a conclusion that she reasonably believed disclosure (2) evidenced a violation of that rule.

¶6      The next question to be decided is whether the appellant nonfrivolously alleged that disclosure (2) was a contributing factor in the agency's decision to take a personnel action against her.[5]  To satisfy the contributing factor criterion at the jurisdictional stage, an appellant need only make a nonfrivolous allegation that the fact of, or content of, the protected disclosure or activity was one factor that tended to affect the personnel action in any way.  *Chambers*, 2022 MSPB 8, ¶ 14.  One way to satisfy that requirement is the knowledge/timing test, under which an employee may establish that the disclosure or activity was a contributing factor in a personnel action through circumstantial evidence, such as evidence that the official taking the personnel action knew of the disclosure or activity, and that the personnel action occurred within a period of time such that a reasonable person could conclude that the disclosure or activity was a contributing factor in the personnel action.  *Id*., ¶ 15; *see* 5 U.S.C. § 1221(e)(1).

_____

[5] At least some of the alleged retaliatory actions by Dr. Martin qualify as personnel actions for purposes of an IRA appeal.  *See, e.g.*, 5 U.S.C. § 2302(a)(viii) (defining "personnel action" to include a performance evaluation).

In this case, the knowledge component of the knowledge/timing test is satisfied, as the appellant made disclosure (2) directly to Dr. Martin. Furthermore, the alleged retaliatory actions by Dr. Martin took place within 2 years of the disclosure, which is sufficiently close in time to satisfy the timing component. *See Mastrullo v. Department of Labor*, 123 M.S.P.R. 110, ¶ 21 (2015). Thus, the appellant succeeded in making a nonfrivolous allegation that disclosure (2) was a contributing factor in the personnel actions at issue.

¶7      In sum, we conclude that the appellant has established jurisdiction over her IRA appeal with respect to her claim of retaliation for disclosure (2). Accordingly, we remand the appeal for adjudication on the merits of that claim, including a hearing if the appellant still desires one.

The appellant's January 2017 OSC complaint constituted protected activity under 5 U.S.C. § 2302(b)(9)(C), and the appellant nonfrivolously alleged that the activity was a contributing factor in the personnel actions at issue.

¶8      The administrative judge found below that the appellant's January 2017 OSC complaint, identified as "disclosure" (1), was not a protected disclosure or activity for purposes of establishing IRA jurisdiction. We find that the administrative judge erred on this point and that the January 2017 OSC complaint constituted protected activity under 5 U.S.C. § 2302(b)(9)(C).[6] *See* 5 U.S.C. § 2302(b)(9)(C) (prohibiting retaliation for "cooperating with or disclosing information to the Inspector General … or the Special Counsel, in accordance with applicable provisions of law"); *cf. Special Counsel v. Hathaway*, 49 M.S.P.R. 595, 611-12 (1991) (holding that section 2302(b)(9)(C) covers

---

[6] The administrative judge found that, insofar as the appellant's January 2017 OSC complaint was protected activity under section 2302(b)(9), it was not within the Board's IRA jurisdiction because it was "doubtful" whether the disclosures in the complaint were "made to remedy a violation of 5 U.S.C. § 2302(b)(8)." IAF, Tab 12, Initial Decision at 16. Here, the administrative judge seems to have had in mind the distinction between activity covered under section 2302(b)(9)(A)(i) and activity covered under section 2302(b)(9)(A)(ii). However, protected activity under section 2302(b)(9)(C) need not involve an alleged violation of section 2302(b)(8).

employee disclosures to the Inspector General that are not covered by section 2302(b)(8)), *recons. denied*, 52 M.S.P.R. 375 (1992), *aff'd*, 981 F.2d 1237 (Fed. Cir. 1992), *and abrogated on other grounds by Special Counsel v. Santella*, 65 M.S.P.R. 452, 456 (1994) (recognizing the Board's error in applying the wrong causal standard).

¶9        We also find that the appellant made a nonfrivolous allegation that her January 2017 OSC complaint was a contributing factor in the personnel actions at issue. In her declaration, the appellant states that Dr. Martin had knowledge of the January 2017 OSC complaint, which, if true, would serve as evidence of contributing factor under the knowledge/timing test. IAF, Tab 6 at 15. Her assertion is based on: (1) the friendship she alleges developed between Dr. Martin and Lieutenant Colonel Martin, against whom she filed the complaint; and (2) a mid-August 2017 conversation with a colleague, who told her that she had been told by another colleague, who in turn worked closely with Dr. Martin, not to share information with the appellant "because [the appellant] know[s] how to write complaints that get people in trouble." *Id*. at 15, 20. While the allegation that Dr. Martin had knowledge of the January 2017 complaint is somewhat speculative, it is also plausible based on the information presented by the appellant, and if true, would satisfy the knowledge component of the knowledge/timing test. Accordingly, we find that the appellant has established jurisdiction with respect to her claim of retaliation for her January 2017 OSC complaint, and remand that claim for adjudication on the merits, including a hearing if the appellant still desires one.

**ORDER**

¶10    For the reasons discussed above, we remand this case to the regional office for further adjudication in accordance with this Remand Order.


FOR THE BOARD:                                    /s/ for
                                         Jennifer Everling
                                         Acting Clerk of the Board

Washington, D.C.